# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **HERCILIA H. GROW,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 18-00455-KD-C |
| | ) |
| **TRANSAMERICA LIFE INSURANCE COMPANY,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the Objection to Magistrate's Remand Order filed by Defendant Transamerica Life Insurance Company (doc. 15) and the Response to Objection filed by Plaintiff Hercilia H. Grow (doc. 19). Upon consideration, and for the reasons set forth herein, Defendant's objections are OVERRULED and the Order of remand to the Circuit Court of Mobile County, Alabama (doc. 13), is AFFIRMED and ADOPTED as the opinion of this Court.

This action was initially assigned to the Magistrate Judge specially designated to exercise jurisdiction for all proceedings "[u]pon consent of the parties". 28 U.S.C. § 636(c). Notice of Assignment was sent to the parties (Doc. 3). After the Magistrate Judge entered an order remanding the action (doc. 13), Defendant filed the pending Objection (doc. 15). Defendant argues that it did not implicitly consent to the jurisdiction of the Magistrate Judge and therefore, this Court should conduct a de novo review of the case-dispositive decision. Plaintiff filed her response to the Objection and argues that Defendant consented to the Magistrate Judge's jurisdiction. Plaintiff points out that by litigating before the Magistrate Judge without objecting to jurisdiction and by failing to argue that the proposed order submitted to the Magistrate Judge

should have been a report and recommendation, Defendant implicitly consented to jurisdiction (Doc. 19). Plaintiff also asserts that Defendant "explicitly recognized" that the Magistrate Judge's order would be a final order from which Defendant could appeal (Doc. 19, p. 2, citing Doc. 12, p. 3 ("... counsel for defendant Transamerica respectfully requests that the Court, in granting any Order of remand, issue an accompanying stay to allow a reasonable time for defendant to appeal…"). Plaintiff points out that only after Defendant "was dissatisfied with the Magistrate Judge's Order" that it "expressed this new procedural objection" (Doc. 19, p. 3).

Arguably, Defendant implicitly consented to the jurisdiction of the Magistrate Judge. Defendant did not request reassignment until after the order granting Plaintiff's motion to remand was entered. *See Roell v. Withrow,* 538 U.S. 580, 123 S. Ct. 1696, 1703 (2003) ("Inferring consent in these circumstances thus checks the risk of gamesmanship by depriving parties of the luxury of waiting for the outcome before denying the magistrate judge's authority."). However, since jurisdiction over a case-dispositive motion[1] is at issue, the Court assumes that consent has not been given and thus, has conducted a de novo review of the record

---

[1] At present, the Eleventh Circuit has not clearly held that a motion to remand is a dispositive motion. However, many courts of appeals have reached that conclusion. *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016) (agreeing with the conclusions of five sister circuits that "[a]though motions to remand are not" in the statutory list of dispositive motions, "every court of appeals to consider the question has held that they should be treated as dispositive matters in which only the district court may enter an order.") (citing *Flam v. Flam,* 788 F.3d 1043, 1046–47 (9th Cir.2015); *Williams v. Beemiller, Inc.,* 527 F.3d 259, 266 (2d Cir.2008); *Vogel v. U.S. Office Prods. Co.,* 258 F.3d 509, 517 (6th Cir.2001); *First Union Mortg. Corp. v. Smith,* 229 F.3d 992, 995–96 (10th Cir.2000); *In re U.S. Healthcare,* 159 F.3d 142, 145–46 (3d Cir.1998)); *see also Davison v. Lefever,* 2013 WL 4012654, at *1, n.1 (S.D. Ala. Aug. 5, 2013) ("In this Court, motions to remand are considered case-dispositive pursuant to 28 U.S.C. § 636(b)(1) and Rule 72.).

pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(3).[2] *See Bismark v. Fisher*, 213 Fed. Appx. 892, 895–96 (11th Cir. 2007) ("[T]he bedrock constitutional and jurisdictional considerations at stake demand that courts not be cavalier in finding a waiver of a litigant's Article III rights.") (finding that the parties had expressly consented to magistrate judge jurisdiction).

Upon de novo review, the Court finds that Defendant failed to meet its burden to show that the amount in controversy exceeds the jurisdictional amount. Specifically, Defendant asserts that the only evidence in the record is the Declaration of its Senior Actuary wherein he concludes that Plaintiff at age 86, has a 66.2 % chance of living four more years, to age 90, and would collect benefits in excess of the jurisdictional limit. Defendant argues that requiring it to "produce specific medical records showing Plaintiff's condition and other evidence at this stage in the proceedings" is a burden beyond that necessary to make the initial showing for jurisdiction, and approaches the evidence expected at trial (doc. 15, p. 6).

The Actuary states that based upon review of Plaintiff's claim documents, "it does not appear" that she "has a life-threatening medical condition" and that "it appears that since" staying at Atria Regency "she has not received skilled nursing care on a regular basis[.]" (doc. 9-1, Declaration, p. 2). Based on the above assumptions and the hypothetical life expectancy of an 86-year old female in the United States, the Actuary determined that Plaintiff would live long enough to "be entitled to Facility Benefits in the amount of $81,760.00" (Id., p. 4).

Notwithstanding the Actuary's review of the claim documents and his opinion regarding what appears therein, there is no evidence that Plaintiff, in her current physical and mental

---

[2] "(b) Dispositive Motions … (3) *Resolving Objections.* The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72 (b)(3).

condition,[3] would live the statistically-expected life span of a hypothetical woman her same age. Thus, relying upon this statistical life expectancy without any evidence of its application to the facts of this case (*i.e.*, Plaintiff's specific health issues) is equivalent to citing similar tort cases where recoveries exceeded the jurisdictional amount as evidence of the amount in controversy. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1221 (11th Cir. 2007) ("First, we note that this evidence regarding the value of other tort claims was not received from the plaintiffs, but rather was gathered from outside sources. As such, the evidence is not of the sort contemplated by § 1446(b). Even if the defendants had received the evidence of other suits from the plaintiffs, we question whether such general evidence is ever of much use in establishing the value of claims in any one particular suit. Looking only to this evidence and the complaint, the facts regarding other cases tell us nothing about the value of the claims in this lawsuit. Even were we to look to evidence beyond that contained within the notice of removal, in the present dispute—with a record bereft of detail—we cannot possibly ascertain how similar the current action is to those the defendants cite. Absent specific detail about the present action, the supplement in no way clarifies the aggregate value of the claims here. The defendants, therefore, have failed to meet their burden.").

DONE this 8th day of February 2019.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] *Scottsdale Ins. Co. v. Calhoun Hunting Club & Lounge*, 2018 WL 6788045, at *2 (M.D. Ala. Dec. 26, 2018) ("When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective.") (quoting *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)).